**E-FILED**
Wednesday, 10 September, 2008  04:54:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONALD OLENDZKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| NEIL ROSSI, BECKY SUDBRINK, | ) | |
| RICHARD PILLOW, JENNIFER | ) | |
| STOUDT, TERRY POLK, and RICHARD | ) | |
| ORR, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Donald Olendzki, by and through his attorney, James P. Baker, and for his causes of action against the Defendants, Neil Rossi, Becky Sudbrink, Richard Pillow, Jennifer Stoudt, Terry Polk and Richard Orr, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28 United States Code Sections 1331 and 1337 and Title 28 United States Code Sections 1983 and 1988. This is a civil action arising under the laws of the United States. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since each of the Defendants resides within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1.  That the Plaintiff, Donald Olendzki, is a citizen of the state of Illinois and the United States.  At all times pertinent to the issues raised in this proceeding he was employed by the Illinois Department of Corrections ["Department"] as a psychologist III assigned to the Jacksonville Correctional Center ["JCC"].  He began his employment with the Department in March of 1989 and remained in its employ during all times relevant to this proceeding.

2.  That the Department is an agency of the government of the state of Illinois.  It engages in the administration and oversight of the correctional system of the state of Illinois.  In this connection, it operates various correctional facilities throughout the state of Illinois, including JCC.

3.  That at all times relevant to this proceeding, the Defendant, Neil Rossi, was employed by the Department as an assistant warden at JCC.  In that position, he supervised the employment of the Plaintiff, Donald Olendzki, and played a significant role with respect to decisions made concerning his employment and his working conditions at JCC.  He is named in this proceeding in his individual and, for the limited purpose of implementing equitable relief, in his official capacities.

4.  That the Defendant, Becky Sudbrink, was at all times relevant to this proceeding employed by the Department as the healthcare administrator at JCC.  In that position, she supervised and oversaw the employment of individuals working in the healthcare unit including the Plaintiff, Donald Olendzki.  She played a significant role with respect to decisions concerning the employment of the Plaintiff, Donald Olendzki, and his working conditions at JCC.  She is

2

named in this proceeding in her individual and, for purposes of implementing equitable relief, official capacities.

5. That the Defendant, Richard Pillow, was at times relevant to this proceeding an assistant warden at JCC. In that position, he supervised and oversaw the employees of the Department who worked in certain capacities at JCC including the Plaintiff, Donald Olendzki. In that position, he supervised the employment of the Plaintiff, Donald Olendzki, and played a significant role with respect to decisions made concerning his employment and working conditions at JCC. He is named in this proceeding in his individual and, for purposes of implementing equitable relief, his official capacities.

6. That the Defendant, Jennifer Stoudt, was at times relevant to this proceeding employed by the Department as the warden at JCC. In that position, she supervised employees who worked at JCC. She supervised the employment of the Plaintiff, Donald Olendzki, and played a significant role with respect to decisions made concerning his employment and working conditions at JCC. She is named in this proceeding in her individual and, for purposes of implementing equitable relief, her official capacities.

7. That the Defendant, Terry Polk, was at certain times relevant to this proceeding the warden at JCC. In that position he supervised the employees who worked at JCC. He supervised the employment of the Plaintiff, Donald Olendzki, and played a significant role with respect to decisions made concerning his employment and working conditions at JCC. He is named in this proceeding in his individual and, for purposes of implementing equitable relief, his official capacities.

8. That the Defendant, Richard Orr, was at all times relevant to this proceeding

employed as a deputy director of the Department.  In that position, he was responsible for the supervision of employees in the Department including individuals who worked at JCC.  He is named in this proceeding in his individual and, for purposes of implementing equitable relief, his official capacities.

## ALLEGATIONS COMMON TO ALL COUNTS

9.  That in March of 1989, the Plaintiff, Donald Olendzki, began his employment with the Department.  At all times while working for the Department, he held the position of a psychologist III at JCC.

10.  That at all times during his employment with the Department, the Plaintiff, Donald Olendzki, served it as a psychologist at JCC.  In that position he was responsible for providing various mental health services to inmates incarcerated at JCC.

11.  That at all times relevant to this proceeding, the Plaintiff, Donald Olendzki, fully performed in satisfactory fashion his duties as a psychologist at JCC in accordance with all requirements and expectations which the Department had for him.

12.  That at all times relevant to this proceeding, the Plaintiff, Donald Olendzki, was a member of Local Union No. 3549 affiliated with the American Federation of State, County and Municipal Employees ["Union"],

13.  That at all times relevant to this proceeding, the Union served as a collective bargaining representative for many employees who worked at JCC.  In that capacity, it represented them in connection with their wages, terms and conditions of employment with the Department.

14.  That on or about April 1, 2004 the Plaintiff, Donald Olendzki, was elected to the

Executive Board of the Union. At all times thereafter, he served as a member of the Union's Executive Board.

15. That as a member of the Executive Board of the Union, the Plaintiff, Donald Olendzki, participated in the management of the affairs of the Union and represented member employees at JCC with respect to their terms and conditions of employment with the Department. Specifically, as a member of the Executive Board, the Plaintiff, Donald Olendzki,: a) attended and represented the Union and its members at periodic labor management meetings with the management staff of JCC; b) attended and represented the Union and its members at safety and health committee meetings with members of management at JCC; and c) represented members of the Union in the presentation of grievances with respect to various matters concerning their terms and conditions of employment at JCC.

16. That in engaging in the activities on behalf of the Union which are more fully described in the preceding paragraph, the Plaintiff, Donald Olendzki, was required to regularly meet with members of the management staff of JCC including many of the Defendants concerning various labor/management issues.

17. That prior to becoming a member of the Executive Board of the Union, the Plaintiff, Donald Olendzki, enjoyed a cordial and positive working relationship with his supervisors at JCC including, but not limited to, those Defendants named above who supervised him prior to the time he became a member of the Union's Executive Board.

18. That prior to becoming actively involved in the affairs of the Union, the Plaintiff, Donald Olendzki, received good employment evaluations and was well respected by members of the management staff of JCC.

19.  That prior to becoming an Executive Board member of the Union, the supervisors of the Plaintiff, Donald Olendzki, had:  a) assigned him special projects; b) provided him specialized training in various aspects of mental health, hostage negotiations and hostage survival strategies; and c) assigned him to secure hostage negotiating training with the FBI.

20.  That after becoming a member of the Executive Board of the Union, the Plaintiff, Donald Olendzki, on an ongoing basis has presented to members of management at both JCC and the Department including the Defendants various issues concerning matters of public concern on behalf of JCC employees.  These matters of public concern included, but were not limited to, the following:  a) the failure of JCC management to monitor the healthcare services provided inmates creating a safety risk to JCC employees; b) the attempts of JCC management to have both outside contractors and non-bargaining unit employees assume and perform work which is supposed to be performed by members of the bargaining unit represented by the Union; c) the unsanitary practices of a dentist providing services to inmates at JCC which created health and safety risks to JCC employees; d) the failure of JCC management to provide adequate security protection for JCC employees; e) certain unsanitary working conditions at JCC; and f) retaliatory acts of JCC management directed against employees for engaging in lawful union activities.

21.  That while serving on behalf of the Union as a member of both the labor/ management committee and the health and safety committee, the Plaintiff, Donald Olendzki, on an ongoing basis raised with members of management various concerns regarding institutional shortcomings which affected the safety and health of employees at JCC.

22.  That frequently many of the Defendants as well as other members of management at

JCC ignored or disregarded the concerns presented to them by the Plaintiff, Donald Olendzki, on behalf of the Union and its members. This conduct required the Plaintiff, Donald Olendzki, on behalf of the Union and its members to be persistent in continuing to present these concerns to members of the management staff at JCC including the Defendants.

23.  That following the time that Plaintiff, Donald Olendzki, became a member of the Union's Executive Board and began advocating on behalf of its members by raising and presenting concerns of the type and in a manner described above, the Defendants began treating the Plaintiff, Donald Olendzki, differently and less favorably than he was treated before becoming a member of the Union's Executive Board. This treatment included, but is not limited to, the following:

a) the Plaintiff, Donald Olendzki, was without explanation removed from his membership on the Department's statewide hostage negotiating team;

b) the Plaintiff, Donald Olendzki, was without explanation removed from his membership on the JCC hostage negotiating team;

c) on multiple occasions, the Plaintiff, Donald Olendzki, was removed from his office and reassigned an office which, given the nature of his work responsibilities, was extremely inconvenient for him;

d) the Plaintiff, Donald Olendzki, was required to provide treatment to seriously mentally ill inmates at a location in which he had either no security protection or inadequate security protection;

e) the Plaintiff, Donald Olendzki, was banned from attending healthcare staff meetings which he had previously attended on a regular basis and related to the work he performed at

7

JCC;

f) the Plaintiff, Donald Olendzki, was prevented from making decisions he had formerly made regarding the observation and care of suicidal inmates;

g) the Plaintiff, Donald Olendzki, was removed from his responsibilities to engage in certain after hour call back activities at JCC;

h) the Plaintiff, Donald Olendzki, was required to perform his work in 3 or 4 different locations even though the office he had formerly used was available for his use; and

I) the Plaintiff, Donald Olendzki, without cause has been threatened with discipline.

## COUNT I

For his cause of action against the Defendant, Neil Rossi, the Plaintiff, Donald Olendzki, states as follows:

1-23.  For paragraphs 1-23 of Count I the Plaintiff, Donald Olendzki, incorporates paragraphs 1-23 above.

24.  That at all times relevant to the issues raised in this proceeding the Defendant, Neil Rossi, was acting in furtherance of his duties for the Department as an assistant warden at JCC and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

25.  That the speech of the Plaintiff, Donald Olendzki, as more specifically described above regarded matters of public concern pertaining to the health, safety and welfare of public employees and was made by the Plaintiff, Donald Olendzki, in furtherance of his service on behalf of employees at JCC who were in the collective bargaining unit represented by the Union.

26.  That the speech expressed by the Plaintiff, Donald Olendzki, and his activities on

8

behalf of employees at JCC, who were members of the collective bargaining unit represented by the Union as more fully described above, did not interfere with and were not inconsistent with the reasonable interests of the Department in fulfilling the mission entrusted to it by law to provide a correctional system to the citizens of the state of Illinois.  The expressions and activities of the Plaintiff, Donald Olendzki, as described above, did not impede his ability to work effectively as a psychologist III for the Department.

27.  That the speech of the Plaintiff, Donald Olendzki, as described above was in furtherance of his association with other public employees through the Union to address matters of mutual concern and of public importance.

28.  That the Defendant, Neil Rossi, was at all times relevant to this proceeding aware of activities and speech of the Plaintiff, Donald Olendzki, as described above on behalf of employees represented by the Union as well as his association with the Union.

29.  That after becoming aware that the Plaintiff, Donald Olendzki, had engaged in conduct and expressed views which are described above on behalf of employees at JCC who were represented for collective bargaining purposes by the Union, the Defendant, Neil Rossi, engaged in conduct toward the Plaintiff, Donald Olendzki, which interfered with his ability to perform his duties, adversely impacted the terms of his employment, created a negative and hostile work atmosphere and made him feel unwelcome.  This conduct included, but is not limited to, the conduct described above.

30.  That the actions of the Defendant, Neil Rossi, toward the Plaintiff, Donald Olendzki, as described above were undertaken in retaliation for the efforts of the Plaintiff, Donald Olendzki, in:  a) speaking out on matters of public concern when advocating on behalf of

9

employees at JCC who were members of the collective bargaining unit represented by the Union; and b) associating with other public employees through the Union to address matters of mutual concern and of public importance.  In so doing, the Defendant, Neil Rossi, violated the rights of the Plaintiff, Donald Olendzki, to both free speech and association as protected under the First and Fourteenth Amendments to the Constitution of the United States.

31.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Donald Olendzki, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States,:  a) lost certain economic benefits arising out of his employment expectancies with the Department; and b) suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

## COUNT II

For his cause of action against the Defendant, Becky Sudbrink, the Plaintiff, Donald Olendzki, states as follows:

1-23.  For paragraphs 1-23 of Count II the Plaintiff, Donald Olendzki, incorporates paragraphs 1-23 above.

24.  That at all times relevant to the issues raised in this proceeding the Defendant, Becky Sudbrink, was acting in furtherance of her duties for the Department as the healthcare administrator at JCC and the actions complained of in this count were undertaken by her under the color of law pursuant to her authority in that position.

25.  That the speech of the Plaintiff, Donald Olendzki, as more specifically described above regarded matters of public concern pertaining to the health, safety and welfare of public employees and was made by the Plaintiff, Donald Olendzki, in furtherance of his service on

10

behalf of employees at JCC who were in the collective bargaining unit represented by the Union.

26.  That the speech expressed by the Plaintiff, Donald Olendzki, and his activities on behalf of employees at JCC, who were members of the collective bargaining unit represented by the Union as more fully described above, did not interfere with and were not inconsistent with the reasonable interests of the Department in fulfilling the mission entrusted to it by law to provide a correctional system to the citizens of the state of Illinois.  The expressions and activities of the Plaintiff, Donald Olendzki, as described above, did not impede his ability to work effectively as a psychologist III for the Department.

27.  That the speech of the Plaintiff, Donald Olendzki, as described above was in furtherance of his association with other public employees through the Union to address matters of mutual concern and of public importance.

28.  That the Defendant, Becky Sudbrink, was at all times relevant to this proceeding aware of activities and speech of the Plaintiff, Donald Olendzki, as described above on behalf of employees represented by the Union as well as his association with the Union.

29.  That after becoming aware that the Plaintiff, Donald Olendzki, had engaged in conduct and expressed views which are described above on behalf of employees at JCC who were represented for collective bargaining purposes by the Union, the Defendant, Becky Sudbrink, engaged in conduct toward the Plaintiff, Donald Olendzki, which interfered with his ability to perform his duties, adversely impacted the terms of his employment, created a negative and hostile work atmosphere and made him feel unwelcome.  This conduct included, but is not limited to, the conduct described above.

30.  That the actions of the Defendant, Becky Sudbrink, toward the Plaintiff, Donald

Olendzki, as described above were undertaken in retaliation for the efforts of the Plaintiff,

Donald Olendzki, in:  a) speaking out on matters of public concern when advocating on behalf of

employees at JCC who were members of the collective bargaining unit represented by the Union;

and b) associating with other public employees through the Union to address matters of mutual

concern and of public importance.  In so doing, the Defendant, Becky Sudbrink, violated the

rights of the Plaintiff, Donald Olendzki, to both free speech and association as protected under

the First and Fourteenth Amendments to the Constitution of the United States.

31.   That as a direct and proximate result of the foregoing conduct the Plaintiff, Donald

Olendzki, in addition to the loss of certain liberties to which he is entitled to protection under the

Constitution of the United States,:  a) lost certain economic benefits arising out of his

employment expectancies with the Department; and b) suffered emotional anguish and distress,

humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

## COUNT III

For his cause of action against the Defendant, Richard Pillow, the Plaintiff, Donald

Olendzki, states as follows:

1-23.  For paragraphs 1-23 of Count III the Plaintiff, Donald Olendzki, incorporates

paragraphs 1-23 above.

24.   That at times relevant to the issues raised in this proceeding the Defendant, Richard

Pillow, was acting in furtherance of his duties for the Department as an assistant warden at JCC

and the actions complained of in this count were undertaken by him under the color of law

pursuant to his authority in that position.

25.   That the speech of the Plaintiff, Donald Olendzki, as more specifically described

above regarded matters of public concern pertaining to the health, safety and welfare of public

employees and was made by the Plaintiff, Donald Olendzki, in furtherance of his service on

behalf of employees at JCC who were in the collective bargaining unit represented by the Union.

26.  That the speech expressed by the Plaintiff, Donald Olendzki, and his activities on

behalf of employees at JCC, who were members of the collective bargaining unit represented by

the Union as more fully described above, did not interfere with and were not inconsistent with

the reasonable interests of the Department in fulfilling the mission entrusted to it by law to

provide a correctional system to the citizens of the state of Illinois.  The expressions and

activities of the Plaintiff, Donald Olendzki, as described above, did not impede his ability to

work effectively as a psychologist III for the Department.

27.  That the speech of the Plaintiff, Donald Olendzki, as described above was in

furtherance of his association with other public employees through the Union to address matters

of mutual concern and of public importance.

28.  That the Defendant, Richard Pillow, was at times relevant to this proceeding aware

of activities and speech of the Plaintiff, Donald Olendzki, as described above on behalf of

employees represented by the Union as well as his association with the Union.

29.  That after becoming aware that the Plaintiff, Donald Olendzki, had engaged in

conduct and expressed views which are described above on behalf of employees at JCC who

were represented for collective bargaining purposes by the Union, the Defendant, Richard

Pillow, engaged in conduct toward the Plaintiff, Donald Olendzki, which interfered with his

ability to perform his duties, adversely impacted the terms of his employment, created a negative

and hostile work atmosphere and made him feel unwelcome.  This conduct included, but is not

13

limited to, the conduct described above.

30.  That the actions of the Defendant, Richard Pillow, toward the Plaintiff, Donald Olendzki, as described above were undertaken in retaliation for the efforts of the Plaintiff, Donald Olendzki, in:  a) speaking out on matters of public concern when advocating on behalf of employees at JCC who were members of the collective bargaining unit represented by the Union; and b) associating with other public employees through the Union to address matters of mutual concern and of public importance.  In so doing, the Defendant, Richard Pillow, violated the rights of the Plaintiff, Donald Olendzki, to both free speech and association as protected under the First and Fourteenth Amendments to the Constitution of the United States.

31.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Donald Olendzki, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States,:  a) lost certain economic benefits arising out of his employment expectancies with the Department; and b) suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

## COUNT IV

For his cause of action against the Defendant, Jennifer Stoudt, the Plaintiff, Donald Olendzki, states as follows:

1-23.  For paragraphs 1-23 of Count IV the Plaintiff, Donald Olendzki, incorporates paragraphs 1-23 above.

24.  That at all times relevant to the issues raised in this proceeding the Defendant, Jennifer Stoudt, was acting in furtherance of her duties for the Department as the warden at JCC and the actions complained of in this count were undertaken by her under the color of law

14

pursuant to her authority in that position.

25.  That the speech of the Plaintiff, Donald Olendzki, as more specifically described above regarded matters of public concern pertaining to the health, safety and welfare of public employees and was made by the Plaintiff, Donald Olendzki, in furtherance of his service on behalf of employees at JCC who were in the collective bargaining unit represented by the Union.

26.  That the speech expressed by the Plaintiff, Donald Olendzki, and his activities on behalf of employees at JCC, who were members of the collective bargaining unit represented by the Union as more fully described above, did not interfere with and were not inconsistent with the reasonable interests of the Department in fulfilling the mission entrusted to it by law to provide a correctional system to the citizens of the state of Illinois.  The expressions and activities of the Plaintiff, Donald Olendzki, as described above, did not impede his ability to work effectively as a psychologist III for the Department.

27.  That the speech of the Plaintiff, Donald Olendzki, as described above was in furtherance of his association with other public employees through the Union to address matters of mutual concern and of public importance.

28.  That the Defendant, Jennifer Stoudt, was at all times relevant to this proceeding aware of activities and speech of the Plaintiff, Donald Olendzki, as described above on behalf of employees represented by the Union as well as his association with the Union.

29.  That after becoming aware that the Plaintiff, Donald Olendzki, had engaged in conduct and expressed views which are described above on behalf of employees at JCC who were represented for collective bargaining purposes by the Union, the Defendant, Jennifer Stoudt, engaged in conduct toward the Plaintiff, Donald Olendzki, which interfered with his

15

ability to perform his duties, adversely impacted the terms of his employment, created a negative and hostile work atmosphere and made him feel unwelcome.  This conduct included, but is not limited to, the conduct described above.

30.  That the actions of the Defendant, Jennifer Stoudt, toward the Plaintiff, Donald Olendzki, as described above were undertaken in retaliation for the efforts of the Plaintiff, Donald Olendzki, in:  a) speaking out on matters of public concern when advocating on behalf of employees at JCC who were members of the collective bargaining unit represented by the Union; and b) associating with other public employees through the Union to address matters of mutual concern and of public importance.  In so doing, the Defendant, Jennifer Stoudt, violated the rights of the Plaintiff, Donald Olendzki, to both free speech and association as protected under the First and Fourteenth Amendments to the Constitution of the United States.

31.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Donald Olendzki, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States,:  a) lost certain economic benefits arising out of his employment expectancies with the Department; and b) suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

<u>**COUNT V**</u>

For his cause of action against the Defendant, Terry Polk, the Plaintiff, Donald Olendzki, states as follows:

1-23.  For paragraphs 1-23 of Count V the Plaintiff, Donald Olendzki, incorporates paragraphs 1-23 above.

24.  That at certain times relevant to the issues raised in this proceeding the Defendant,

16

Terry Polk, was acting in furtherance of his duties for the Department as warden at JCC and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

25. That the speech of the Plaintiff, Donald Olendzki, as more specifically described above regarded matters of public concern pertaining to the health, safety and welfare of public employees and was made by the Plaintiff, Donald Olendzki, in furtherance of his service on behalf of employees at JCC who were in the collective bargaining unit represented by the Union.

26. That the speech expressed by the Plaintiff, Donald Olendzki, and his activities on behalf of employees at JCC, who were members of the collective bargaining unit represented by the Union as more fully described above, did not interfere with and were not inconsistent with the reasonable interests of the Department in fulfilling the mission entrusted to it by law to provide a correctional system to the citizens of the state of Illinois. The expressions and activities of the Plaintiff, Donald Olendzki, as described above, did not impede his ability to work effectively as a psychologist III for the Department.

27. That the speech of the Plaintiff, Donald Olendzki, as described above was in furtherance of his association with other public employees through the Union to address matters of mutual concern and of public importance.

28. That the Defendant, Terry Polk, was at all times relevant to this proceeding aware of activities and speech of the Plaintiff, Donald Olendzki, as described above on behalf of employees represented by the Union as well as his association with the Union.

29. That after becoming aware that the Plaintiff, Donald Olendzki, had engaged in conduct and expressed views which are described above on behalf of employees at JCC who

17

were represented for collective bargaining purposes by the Union, the Defendant, Terry Polk, engaged in conduct toward the Plaintiff, Donald Olendzki, which interfered with his ability to perform his duties, adversely impacted the terms of his employment, created a negative and hostile work atmosphere and made him feel unwelcome.  This conduct included, but is not limited to, the conduct described above.

30.  That the actions of the Defendant, Terry Polk, toward the Plaintiff, Donald Olendzki, as described above were undertaken in retaliation for the efforts of the Plaintiff, Donald Olendzki, in:  a) speaking out on matters of public concern when advocating on behalf of employees at JCC who were members of the collective bargaining unit represented by the Union; and b) associating with other public employees through the Union to address matters of mutual concern and of public importance.  In so doing, the Defendant, Terry Polk, violated the rights of the Plaintiff, Donald Olendzki, to both free speech and association as protected under the First and Fourteenth Amendments to the Constitution of the United States.

31.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Donald Olendzki, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States,:  a) lost certain economic benefits arising out of his employment expectancies with the Department; and b) suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

## COUNT VI

For his cause of action against the Defendant, Richard Orr, the Plaintiff, Donald Olendzki, states as follows:

1-23.  For paragraphs 1-23 of Count VI the Plaintiff, Donald Olendzki, repeats and

18

realleges paragraphs 1-23 above.

24.  That at all times relevant to the issues raised in this proceeding the Defendant, Richard Orr, was acting in furtherance of his duties as a deputy director for the Department and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

25.  That the speech of the Plaintiff, Donald Olendzki, as more specifically described above regarded matters of public concern pertaining to the health, safety and welfare of public employees and was made by the Plaintiff, Donald Olendzki, in furtherance of his service on behalf of employees at JCC who were in the collective bargaining unit represented by the Union.

26.  That the speech expressed by the Plaintiff, Donald Olendzki, and his activities on behalf of employees at JCC, who were members of the collective bargaining unit represented by the Union as more fully described above, did not interfere with and were not inconsistent with the reasonable interests of the Department in fulfilling the mission entrusted to it by law to provide a correctional system to the citizens of the state of Illinois.  The expressions and activities of the Plaintiff, Donald Olendzki, as described above, did not impede his ability to work effectively as a psychologist III for the Department.

27.  That some or all of the other Defendants who work at JCC became aware of the speech and conduct of the Plaintiff, Donald Olendzki, which is referred to above as well as his association with the Union.

28.  That after becoming aware that the Plaintiff, Donald Olendzki, had engaged in the speech and conduct which are described above one or more of the other Defendants together with the Defendant, Richard Orr, removed the Plaintiff, Donald Olendzki, from the Department's

statewide hostage negotiating team.

29.  That on information and belief the action of the Defendant, Richard Orr, in removing the Plaintiff, Donald Olendzki, from the statewide hostage negotiating team was taken in furtherance of and at the request of one or more of the other Defendants in retaliation for the efforts of the Plaintiff, Donald Olendzki, to:  a) speak out on matters of public concern and advocate on behalf of employees at JCC who were members of the collective bargaining unit represented by the Union; and b) associate with other public employees through the Union.  In so doing, the Defendant, Richard Orr, violated the rights of both free speech and association of the Plaintiff, Donald Olendzki, as protected under the First and Fourteenth Amendments to the Constitution of the United States.

30.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Donald Olendzki, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States,:  a) lost certain economic benefits arising out of his employment expectancies with the Department; and b) suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

WHEREFORE, the Plaintiff, Donald Olendzki, respectfully requests that this Court enter judgment in his favor and against the Defendants and provide the following relief:

A.  Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 28 U.S.C. § 1983 and 1988 and issue a mandatory injunction against the Defendants to refrain from engaging in any action with respect to the Plaintiff, Donald Olendzki, which are prohibited under the terms of the foregoing laws;

B.  Issue a mandatory injunction directing the Defendants or their successors in the

Department to restore the Plaintiff, Donald Olendzki, to all committees, offices and job

assignments and working conditions which he would have had but for the discriminatory conduct

complained of in this complaint;

     C.  Award the Plaintiff, Donald Olendzki, damages sufficient to compensate him for

economic losses suffered as a result of the conduct as alleged in this complaint including, but not

limited to:  1) salaries; 2) employment benefits; and 3) compensation for employment related

expenses incurred by him;

     D.  Assess against the Defendants the costs and expenses incurred by the Plaintiff,

Donald Olendzki, in maintaining the above captioned proceeding together with the reasonable

attorney fees incurred by him in prosecuting the above captioned cause;

     E.  Assess against the Defendants and in favor of the Plaintiff, Donald Olendzki, such

compensatory and exemplary damages as may be permitted by law; and

     F.  Provide such other relief as the court deems to be equitable and just.

THE PLAINTIFF, DONALD OLENDZKI, RESPECTFULLY REQUESTS THAT ALL
ISSUES RAISED IN THIS PROCEEDING WHICH MAY BY LAW BE PROPERLY TRIED
BEFORE A JURY BE TRIED BY A JURY.


               DONALD OLENDZKI

          By:___s/ James P. Baker_____
               James P. Baker
               Bar Number: 0097802
               Baker, Baker & Krajewski, LLC
               415 South Seventh Street
               Springfield, Illinois 62701
               Telephone: (217) 522-3445
               Facsimile: (217) 522-8234
               E-mail: brendabakerlaw@sbcglobal.net
               (Complaint/olendzkidonaldfederal 080508)